LAW OFFICE OF SHARON J. BRUNNER
SHARON J. BRUNNER, ESQ. (CSBN:229931)
14393 Park Avenue, Suite 100
Victorville, CA 92392
(760) 243-9997- Telephone
(760) 843-8155- Facsimile
Email:  sharonjbrunner@yahoo.com

LAW OFFICE OF JAMES S. TERRELL
JAMES S. TERRELL, ESQ., (CSBN: 170409)
15411 Anacapa Road
Victorville, CA 92392
(760) 951-5850 – Telephone
(760) 952-1085 – Facsimile
Email: jim@talktoterrell.com

Attorneys for PLAINTIFF:

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUILLERMO ALVARADO, individually and as a successor in interest to Perla Alvarado, Deceased**<br><br>**PLAINTIFF,**<br><br>vs.<br><br>**COUNTY OF SAN BERNARDINO; and DOES 1-10, INCLUSIVE.**<br><br>**Defendants.** | **Case Number:**   5:20-cv-592<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**Filed with Death Certificate and Survivorship Declarations Pursuant to CCP § 377.60**<br><br>1. Fourteenth Amendment- Denial of Medical Care (42 U.S.C. §1983)<br>2. Fourteenth Amendment Substantive Due Process (42 U.S.C. §1983)<br>3. Americans with Disability Act<br>4. Municipal Liability-Failure to Train (42 U.S.C. §1983)<br>5. Municipal Liability Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)<br>6. Negligence- Wrongful Death<br>7. Negligence-Professional Medical Malpractice |

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

8. Failure to Summon Medical Care (Cal. Gov t Code §845.6)
9. Bane Act 52.1

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Guillermo Alvarado, individually and as successor in interest to Perla Alvarado, deceased, for his Complaint against Defendants, County of San Bernardino, and DOES 1-10 inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a)(3)-(4) because Plaintiff assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth, Eight, and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court because the parties reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

3.    The survival claims in this action are joined with the individual wrongful death claims pursuant to CCP § 377.62, as all claims arise out of the same wrongful act or neglect.

4.    Plaintiff filed a timely claim under Government Code Section 911.2 et al, and brings pendant actions under state law.

## INTRODUCTION

5.    This civil rights, ADA/Rehabilitation and state tort action seeks compensatory and punitive damages from Defendants Does 1-10 and compensatory damages from the County of San Bernardino, for violating various rights under the United States Constitution and California law in connection with the in-custody death of Plaintiff daughter, the deceased, Perla Alvarado, on or around April 29, 2018.

## **PARTIES**

6.    At all relevant times, Decedent, PERLA ALVARADO ( PERLA) was an individual residing in the County of San Bernardino.

7.    GUILLERMO ALVARADO (ALVARADO) is an individual residing in the State of California and was at all relevant times the natural father of PERLA. ALVARADO sues in his individual capacity as the father of PERLA. ALVARADO seeks both survival and wrongful death damages under federal and state law.

8.      At all relevant times, Defendant, COUNTY OF SAN BERNARDINO ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of political subdivision for the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, and employees, including the San Bernardino County Sheriffs Department (SBCSD) and its agents and employees. At all relevant times, Defendant, COUNTY was responsible assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, COUNTY was employer of Defendants DOES 1-10.

9.      Defendants DOES 1-2 ( SBCSD DOE DEPUTIES ) are deputies for the SBCSD. SBCD DOE DEPUTIES were acting under color of law within the course ands scope of their duties as deputies for the SBCSD. SBCSD DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

10.     Defendants DOES 3-8 ("DOE CORRECTIONAL OFFICERS") are correctional officers for the West Valley Detention Center ("WVDC"), including those employed as nurses and other medical professionals, officers responsible for identifying medical and mental health issues and providing medical attention,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

medical screening, and medical care to inmates. DOE CORRECTIONAL OFFICERS also include those responsible for transporting inmates within the facility. DOE CORRECTIONAL OFFICERS were acting under color of law within the course and scope of their employment with the WVDC. DOE CORRECTIONAL OFFICERS 3-8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11.    Defendants DOES 9-10 ( SBCSD DOE SUPERVISORS ) are managerial, supervisorial, and policymaking employees of the SBCSD. At the time of the incident, SBCSD DOE SUPERVISORS were acting under color of law within the course and scope of their duties for the SBCSD. At all relevant times, SBCSD DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant, COUNTY.

12.    On information and belief, Defendants DOES 1-10 were residents of the County of San Bernardino, California or employed by the County of San Bernardino.

13.    Defendants DOES 1-8 are sued in their individual capacities, DOES 9-10 are sued in their official capacity.

14.    In doing the acts and failing and omitting to act as hereinafter described, Defendants, DOES 1-10, were acting on the implied and actual permission and consent of Defendant, COUNTY, and its sheriffs department and detention center.

---

5

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

15. The true names and capacities of DOES 1-10 are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.

16. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

17. On or about August 30, 2019, Plaintiff filed a comprehensive and timely claim for damages with the County of San Bernardino pursuant to applicable sections of the California Government Code.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18. Plaintiff repeats and re-alleges each and every allegation in paragraph 1 through 17 of this Complaint with the same force and effect as if fully set forth herein.

19. On February 27, 2019 San Bernardino County Sheriffs Deputies were called to ALVARDO'S residence in Apple Valley in regard to a call by a neighbor for Plaintiffs daughter, PERLA, Decedent, who was experiencing a psychotic episode.

20. At the time of the arrest, Defendant Deputy DOES 1-2, were informed that PERLA had been diagnosed since the age of 19 with mental illness, high blood pressure and hypothyroidism. Deputies were aware of a serious need for mental and medical emergency assistance.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

21.     The history of mental illness was explained to the Deputy DOES 1-2 along with the fact that she, PERLA, was prescribed psychotropic medicine and needed help with her current psychotic episode. It was made abundantly clear to the Defendant Deputy Does 1-2 that PERLA needed immediate mental/medical assistance. Instead of summoning medical/mental assistance or transporting her to a hospital/psychiatric hospital ward, the Deputy DOES 1-2 arrested Decedent.

22.     Upon being transported to the West Valley Detention Center ( WVDC ) the screening conducted at intake indicated medical/assistance was needed. The registered nurse and medical staff did not immediately summon medical aid and processed PERLA into the jail.

23.      Instead of calling for an ambulance or transporting PERLA to a hospital, PERLA was arrested on elder abuse charges and transported to the West Valley Detention Center (WVDC). PERLA was believed to be experiencing a psychotic break. Upon arrest, PERLA was agitated, anxious and physically upset. Family at the residence informed the deputies of PERLA's medical condition including her mental illness and her need of prescription medication. It is further believed that San Bernardino County Sheriffs and the WVDC were aware of PERLA s mental illness and medical conditions as well as her need for her daily prescribed medication. San Bernardino County Sheriffs and the WVDC were familiar with PERLA and had contact with her prior to the events which occurred on February 27, 2019.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

24.	Based on information and belief, the initial intake and screening PERLA was upset and at times uncontrollable emotionally. Requiring constant guidance. It is believed no further medical attention was rendered to PERLA on February 27, 2019. It is further believed that none of PERLA s prescribed medication was provided to her. Moreover, it is alleged and believed that DOES 3-8 at WVDC did not properly evaluate her need for immediate medical attention.

25.	The conduct of the Defendant and her behavior resulted in PERLA being placed on suicide watch. It was obvious this individual needed serious psychiatric medical attention. DOES 1-8 ignored PERLA and her medical/mental health needs. The arresting Deputies knew PERAL needed 5150 evaluation and medical treatment.

26.	During the days of PERLA's incarceration, PERLA continued to languish and her health steadily declined.

27.	On March 1, 2019, reports from the WVDC indicate that PERLA was yelling, slow to process, paranoid, bizarre, unable to answer questions and needed constant re-direction. WVDC records do not show that any further medical attention or treatment was rendered for PERLA on March 1, 2019. Again, it is believed that none of PERLA's prescribed medication was provided to her.

28.	On March 3, 2019, reports from the WVDC indicate that a blood draw was ordered; however, was not completed. It is believed that no further attempts to draw

blood from PERLA on March 1, 2019. It is further believed that no medical attention was rendered that day and that no medication was provided to PERLA.

29.     On March 4, 2019, at 6:30 in the morning WVDC records allege that a Sergeant requested a mental health assessment because PERLA was naked, appeared scared, confused, disoriented and was pacing around her cell, yelling, Someone poison me! That person wants me dead!" WVDC records further note, **MONITOR INMATE CLOSELY AND NOTIFY IF CONDITION WORSENS."** It is believed that the next wellness check did not occur until 2:40 p.m. on March 4, 2019 which PERLA was still pacing around her cell with no pants on.

30.     Based upon information and belief no further medical attention was rendered that day for PERLA and that PERLA did not receive any of her prescribed medications.

31.     On March 5, 2019, WVDC reports allege that an unknown Sergeant at WVDC requested a mental health assessment because PERLA was laying down awake, naked, yelling, starring at the ceiling, appeared scared, confused, disoriented and as if she did not sleep at all that night." Based upon information and belief, records at WVDC states, "**MONITOR INMATE CLOSELY AND NOTIFY IF CONDITION WORSENS.**" Approximately 40 minutes later that same day, reports indicate that PERLA was naked, yelling and breathing uneasy but no medical aid was issued. WVDC reports indicate that the next wellness check did not occur until

9

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

approximated five and a half hours later on March 5, 2019 in which DOES 1-8 only observed PERLA through her cell door. That same day a blood draw was ordered but again no blood was taken. It is believed that no further attempts to draw blood from PERLA were made that day. Based on information and belief, no further medical attention was rendered for PERLA that day and PERLA received none of her daily prescribed medication.

32.    On March 6, 2019, at approximately 1:30 a.m. PERLA was found in her cell cold, not breathing, unresponsive with no pulse and a blood sugar level of 31.

33.    Based upon information and belief videotape recordings for the WVDC are expected to confirm PERLA's overall declining health which occurred several days. It is expected that videotape recordings would also confirm failure of WVDC staff to render necessary medical attention and aid for PERLA for her obvious mental and physical distress. Despite the serious and life threatening decline of PERLA, staff members at the WVDC did not render medical attention or provide PERLA with her necessary prescribed medications. Any medical attention which may have been initiated or rendered was woefully inadequate and was not followed through.

34.    On March 6, 2019, WVDC reports allege a Social Worker, (Briana Kelly) attempted to see PERLA but PERLA was out to court. PERLA was deceased not at court.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

35.    On March 7, 2019, WVDC reports indicate that the Clinical Therapist (Angela St. Croix) attempt to evaluate PERLA. PERLA was already deceased. Reports indicate that this was the first and only attempt a Clinical Therapist came to  evaluate PERLA, sadly, a day after PERLA s death.

36.    It is further alleged and believed PERLA stopped breathing and died around 1:30 a.m. due to the lack of training, medical care and overall indifference to her serious medical and mental conditions.

### FIRST CLAIM FOR RELIEF
**Fourteenth Amendment - Denial of Medical Care (42 U.S.C. §1983)**
**(PLAINTIFF v. DEFENDANT DOES 1-8)**

37.    Plaintiff hereby re-alleges and incorporates by reference paragraph 1 through 36 of this Complaint as if fully set forth herein.

38.    The Fourteenth Amendment of the United States Constitution requires law enforcement and custodial officers to provide reasonable post-arrest detainee care, and to promptly summon medical care. 42 U.S.C. §1983 provides a private right of action for conduct which violates this right.

39.    Defendants arresting officers DOES 1-2 and DOES 3-8 acted under color of law.

40.    PERLA was a 50-year-old female who suffered from mental illness and serious physical medical issues. PERLA also suffered from hallucinations . Based upon information and belief, PERLA's signs and symptoms of a medical emergency were

---

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

ignored and DOES 3-8 continued to seek and treat her with medicine or call for an ambulance.

41.     Within a few days PERLA's arrest, PERLA was discovered dead in a cell. DOES 3-8 had ignored PERLA'S obvious medical needs and failed to provide lifesaving medical attention. Does 3-8 failed to follow through with blood tests or medical examination which resulted in PERLA's untimely demise.

42.     Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 including those employed as nurses or personnel responsible for medical screening at WVDC, did not promptly identify PERLA'S mental issues, did not timely summon medical care, and did not initiate medical personnel to treat PERLA.

43.     The denial or delay of medical care violated PERLA'S right to prompt medical care as guaranteed to PERLA under the Fourteenth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     Defendants knew that failure to provide timely medical treatment to PERLA could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing PERLA great bodily harm and death. Defendants action were with objective deliberate indifference.

45.     Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 are liable for the denial of medical care to PERLA, and for her

12
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

injuries and death, either because they were integral participants in the denial or delay of medical care, or because they failed to intervene to prevent these violations.

46.    As a direct and proximate result of the aforementioned conduct, PERLA suffered injuries, including pain and suffering, and then died and lost her earning capacity. Also, as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8, ALVARADO has suffered and will continue to suffer emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of PERLA, and will continue to be so deprived for the remainder of his natural life.

47.    The conduct of Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of PERLA and therefore warrants the imposition of exemplary and punitive damages.

48.    Plaintiff brings this claim as the successor  in interest to PERLA and seeks survival and wrongful death damages under this claim. Plaintiff seeks damages, including for PERLA's pain and suffering, loss of earning capacity, and loss of enjoyment of life. Plaintiff also seeks reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C §1988.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment - Substantive Due Process, Interference with Familial Relations (42 U.S.C. § 1983)

### (PLAINTIFF v. DEFENDANT DOES 1-8 )

49.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.      Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with his daughter, PERLA.

51.     The aforementioned actions of Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 shock the conscience, in that Defendants acted with deliberate indifference to the constitutional rights of PERLA and Plaintiff, with purpose to harm and unrelated to any legitimate law enforcement objective.

52.     Defendants deliberate indifference to PERLA s serious medical needs violated the substantive due process rights of Plaintiff to be free from unwarranted interference with their familial relationship with PERLA, his daughter.

53.     As a direct and proximate result of the aforementioned conduct, PERLA suffered injuries, including pain and suffering, and then died, losing her earning capacity. Also, as a direct and proximate cause of the acts of SBCSD DOE

14
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of PERLA, and will continue to be so deprived for the remainder of his natural life.

54.     The conduct of Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of PERLA and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

55.     Plaintiff brings this claim in her individual capacity and seeks survival and wrongful death damages under this claim. Plaintiff seeks damages, including for PERLA'S pain and suffering, loss of earning capacity, and loss of enjoyment of life. Plaintiff also seeks reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C §1988.

### THIRD CLAIM FOR RELIEF
### AMERICANS WITH DISABILITY ACT TITLE II
### (PLAINTIFF v. COUNTY)

56.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 55 of this Complaint, except for any and all allegations of intentional,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

57. ALVARADO alleges as a claim for relief that the Defendants, in violation of the Americans with Disability Act Title II "ADA", failed to provide PERLA with any reasonable accommodation to her known qualifying disability in their interactions with PERLA during her arrest and incarceration which led to her untimely death.

58. As providers of governmental services, the County of San Bernardino had a duty to comply with the Title II of the ADA prohibiting discrimination against persons with disabilities or persons with a history of having disabilities or who are perceived to have a disability. As of the date of her death, PERLA met all three prongs of eligibility for application of the ADA.

59. As a direct and proximate result of the Defendants violation of the ADA as set forth above, PERLA incurred substantial emotional and physical harm.

60. PERLA lost her life after incurring substantial pain, anguish and injury as a direct and proximate result of the Defendants acts in violation of the ADA as set forth above.

**FOURTH CLAIM FOR RELIEF**
**Municipal Liability - Failure to Train (42 U.S.C. §1983)**
**(PLAINTIFF v. DEFENDANTS COUNTY AND DOES 9-10)**

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

61.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     The acts of named Defendants Deputies SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 deprived PERLA and Plaintiff of their particular rights under the United States Constitution.

63.     Named Defendants , SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 acted under color of law.

64.      On information and belief, Defendants, COUNTY and DOES 9-10 failed to properly and adequately train DOES 1-8 on subject matters including but not limited to the provision of medical/mental health attention. The custom and policy of not assisting inmates with serious mental/medical needs is an unconstitutional custom,.

65.     The training policies of Defendant COUNTY were not adequate to train its deputies and correctional officers at the WVDC to handle the usual and recurring situations with which they must deal, including but not limited to medical/mental health screening during intake at WVDC, the provision of prompt and adequate medical/mental health care. As stated above, upon arrival to WVDC, PERLA was not provided with medical/mental health care, nor was PERLA properly screened by a

nurse to evaluate her overall physical fitness for incarceration. This is a clear violation of the policies of WVDC.

66.    In February of 2016, the Prison Law Office filed a Class Action against the County alleging drastically deficient medical and mental health intake care, as well as Civil Rights violations within San Bernardino County jails.

67.    Prison Law Office Director, Donald Spector, said, Protocol is inmates to be interviewed by a nurse if an inmate appears to suffer urgent medical condition they are suppose to see a doctor. The deputies are doing the screening, in response to the death of Betty Lozano.

68.    In the last three years, 30 inmates have died in San Bernardino County jails with 18 of the deaths, or 60%, being medically related, according to Sheriffs Department figures, which was stated in response to Betty Lozano s jail death.

69.    On September 29, 2017, Henry Simmons did not receive a medical intake. Mr. Simmons was in dire need of proper medical screening and the lack of the same indicates a pattern of deliberate indifference within San Bernardino County jails.

70.    Defendants, COUNTY and DOES 1-10, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

71.    The failure of Defendants, COUNTY and DOES 9-10, to provide adequate training caused the deprivation of Plaintiff and PERLA's rights by Defendants.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Defendant's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

72.    As a direct and proximate result of the aforementioned conduct, PERLA suffered injuries, including pain and suffering, and then died, losing her earning capacity. As a direct and proximate cause of the acts of SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of PERLA, and will continue to be so deprived for the remainder of his natural life.

73.    Accordingly, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. §1983. The conduct of COUNTY was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of PERLA and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8.

74.    Plaintiff brings this claim as a successor in interest to PERLA and seeks survival and wrongful death damages under this claim.

75.    Plaintiff seeks damages, including for PERLA'S pain and suffering, loss of earning capacity, and loss of enjoyment of life. Plaintiff also seeks reasonable costs, funeral and burial expense, and attorney's fees under 42 U.S.C § 1988.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FIFTH CLAIM FOR RELIEF
### Municipal Liability - Unconstitutional Custom, Policy, Practice
### (42 U.S.C. §1983)
### (PLAINTIFF v. COUNTY)

76. Plaintiff re-alleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77. Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 acted under color of law.

78. Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant COUNTY, including an unconstitutional policy of not providing medical/mental health care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, as well as a policy of mishandling situations with individuals who suffer from mental health issues.

79. On information and belief, Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with PERLA'S death.

80. Failure to summon aid for serious medical need at a San Bernardino jail was and remains an unconstitutional custom or policy.

81.    Failing to assist and provide medical attention to a pretrial detainee suffering from severe medical and mental health episode resulting in death in an unconstitutional custom or policy.

82.    Defendants, COUNTY, and , together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Not providing medical/mental health care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and not providing proper medical attention and care;

(b)PERLA was ignored. Providing inadequate training regarding providing medical/mental health care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and not providing proper medical/mental health attention and care; PERLA s observed physical manifestations indicated serious medical need.

(c) Employing and retaining as deputy sheriffs and correctional officers at WVDC individuals whom Defendant, COUNTY, at all times material herein knew or reasonably should have known had

21

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

dangerous propensities for (1) abusing their authority, (2) not providing medical/mental care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and (3) not providing proper medical attention and care; COUNTY had notice by lawsuits and settlements of thousands of violations. All related to mental/medical deliberate difference

(d)Inadequate supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits; The deliberate indifference displayed by DOES 1-8.

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies

(f) Failing to adequately discipline COUNTY deputies and correctional officers for the above-referenced categories of misconduct, including slaps on the wrist, discipline that is so slight as to be out of proportion

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)Even where denials of adequate medical/mental care and medical/mental screening are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved; PERLA was denied adequate medical care.

(h)Encouraging, accommodating, or facilitating a blue code of silence, " blue shield," " blue wall," " blue curtain," " blue veil," or simply " code of silence," pursuant to which deputies and correctional officers do not report other officers errors, misconduct, or crimes.

83.   The County has been repeatedly put on " notice" of unconstitutional custom and policies at the jails. The County is aware of hundreds of complaints of inmate abuse, excessive force, and deprivation of medical and mental health treatment in the San Bernardino County jails from 2014 through the present time.

84.     Defendant COUNTY OF SAN BERNARDINO is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY OF SAN BERNARDINO, possessed the power and authority to adopt policies and prescribe rules, regulations and practices

23
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

affecting the operation of the San Bernardino Sherriff s Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

85.     Between 2014-2016, 33 inmates filed lawsuits alleging torture by the County and its Deputies, involving the tasing and painful arm chicken wings and violations of the U.S. Constitution and 42 USC 1983. Case Numbers 5:15-cv-02515-JGB-DTB. Johnny Alcala and 14 others sued the County, David Smith filed his own lawsuit (5:15-cv-02513-JGB-DTB) going back years of torture. Other lawsuits involving taser torture at WVDC include: 5:14-CV-01753-JGB-DTB, 5:14-CV-0911-JGB-DTB, 5:14-CV-1085-JGB-DTB , 5:14-CV-1753-JGB-DTB, and 5:15-CV-0157-JGB-DTB.

86.     The ACLU filed Case No 14-2171-JGB-SP and brought a class action lawsuit alleging unconstitutional practice of LGBT inmates at WVDC. The lawsuit addresses the trouble of West Valley detention in denying services in an unconstitutional manner including failure to make safety checks as mandated by Title 15. The lawsuit the ACLU represented approximately 600 individuals.

87.     On July 26, 2017, Betty Lozano died at High Desert Detention Center (Adelanto Jail) after being brought into the jail in a semi-conscious state and half naked. Ms. Lozano s medical screening was woefully inadequate, if ever conducted at all. Ms. Lozano was not given any medical treatment over a 4-hour period. Ms.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Lozano ultimately died in the Adelanto Detention Center after being virtually ignored and given no medical aid.

88.     On September 29, 2017, Henry Simmons died at the Morongo Basin Jail (Joshua Tree Jail) after local law enforcement attempted to leave Mr. Simmons with family members while he was experiencing a life-threatening medical condition. Instead of taking Mr. Simmons to the hospital, he was taken to the Joshua Tree Jail, a Level I jail and was provided no medical care and left unmonitored to die alone.

89.     In 2017, Romel Thomas an inmate at West Valley Detention Center, was choked out by an angry and violent corrections officer. This incident was captured on video. The video shows the corrections officer using excessive force by choking Mr.Thomas throat and preventing blood/oxygen flow to the brain. (5:17-cv-02356-CAB).

90.     The same year, the brutal beating of Kenneth Myers was also captured on video. Mr. Meyers was grabbed, handcuffed and thrown down on the hard cement floor by a corrections officer in a San Bernardino jail. Mr. Meyers sustained injuries to his arm/elbow.

91.     At all times herein mentioned, Defendants, and each of them, were employees acting under the COUNTY OF SAN BERNARDINO'S direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First and Fourth Amendments respectively to the United States Constitution, which customs,

policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY OF SAN BERNARDINO .

92. Defendant, COUNTY OF SAN BERNARDINO, knowingly maintains and permits official policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute law enforcement deputies who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by COUNTY.

93. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants, COUNTY OF SAN BERNARDINO, include, but are not limited to: tasing, beating, covering the screams of victims by yelling stop resisting , denial of medical care, lack of supervision, all of which have repeatedly existed at San Bernardino County jail facilities.

94. By reason of the aforementioned acts and omissions, Plaintiff has suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of PERLA. The aforementioned acts and omissions also caused PERLA'S pain and suffering, loss of enjoyment of life, and death.

95.    Defendants, COUNTY, together with various other officials, whether named or unarmed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PERLA, Plaintiff, and other individuals similarly situated.

96.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, COUNTY acted with intentional, reckless, and callous disregard for the life of PERLA and for PERLA'S and Plaintiffs constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants, COUNTY were affirmatively linked to and were a significantly influential force behind the injuries of PERLA and Plaintiff.

97.    By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, training, guidance, and past and future support of PERLA. The aforementioned acts and omissions also caused PERLA'S pain and suffering, loss of enjoyment of life, and death. Accordingly, Defendants COUNTY each are liable to Plaintiffs compensatory damages under 42 U.S.C. §1983.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

98.     Plaintiff brings this claim as successor in interest to PERLA and seeks survival and wrongful death damages under this claim.

99.     Plaintiff seeks damages, including for PERLA'S pain and suffering, loss of earning capacity, and loss of enjoyment of life. Plaintiff also seeks reasonable costs, funeral and burial expenses, and attorney s fees under 42 U.S.C. §1988.

## SIXTH CLAIM FOR RELIEF
### Negligence - Wrongful Death
### (Plaintiff v. DOES 1-8)

100.    Plaintiff re-alleges each and every allegation in paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

101.    DOES 1-2 and DOES 3-8 were charged with a duty to use reasonable care to prevent harm or injury to others. This duty includes providing prompt and adequate medical care to individuals in their custody, identifying and handling medical and mental health issues, screening inmates for physical fitness for incarceration, and not causing injury to persons in their custody during transport to and within facilities.

102.    Defendants SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8 breached their duty of care. The actions and inactions of Defendants, SBCD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, were negligent and reckless, including but not limited to, the neglect tactics and handling of the situation with PERLA, including failing to identify serious medical and mental health issues, and failing to provide prompt medical care to PERLA. Moreover, COUNTY

failed to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PERLA.

103.   As a direct and proximate result of Defendants conduct as alleged above, and other undiscovered negligent conduct, PERLA was caused to suffer severe pain and ultimately died. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of PERLA, and will continue to be so deprived for the remainder of his natural life.

104.   The COUNTY is vicariously liable for the wrongful acts of Defendants and pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

105.   Plaintiff brings this claim as successor in interest to PERLA and in his individual capacity and seeks survival and wrongful death damages under this claim.

106.   Plaintiff seeks damages, including for PERLA'S pain, suffering, loss of earning capacity, and loss of enjoyment of life, as well as for Plaintiffs loss of his PERLA'S love, companionship, guidance, advice, and support. Plaintiff also seeks reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. §1988.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SEVENTH CLAIM FOR RELIEF
**Professional Negligence - Medical Malpractice (Cal Govt Code 844.6(d))**
**(PLAINTIFF v. DOES 3-8 )**

107.   Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

108.    Defendants negligently failed to exercise the proper degree of knowledge, skill, and competence in examining, diagnosing, treating, providing medicine and caring for PERLA, including but not limited to, the failure to conduct a proper medical assessment of PERLA; the failure to summon immediate emergency medical assistance for PERLA; and the failure to adequately monitor and supervise PERLA by DOES 3-8 medical professionals. Medical professionals failed to treat, examine, provide medicine or administer to the then serious medical need of PERLA or summon other needed professionals.

109.    As a direct and proximate result of the aforementioned conduct, PERLA suffered injuries, including pain and suffering, and then died, losing her earning capacity. Also, as a direct and proximate cause of the acts of DOE CORRECTIONAL OFFICERS 3-8 Plaintiff has suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of PERLA, and will continue to be so deprived for the remainder of his natural life. Failure to evaluate risks, provide

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

medicine and render medical attention to PERLA, for a period of several days until she languished and deteriorated to death as a result of medical malpractice.

110.    The COUNTY is vicariously liable for the wrongful acts of Defendants and pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee s act would subject him or her to liability.

111.    The conduct of Defendants and was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PERLA and Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

112.     Plaintiff brings claim as successor in interest to PERLA and in his individual capacity and seek survival and wrongful death damages under this claim.

113.    Plaintiff seeks damages, including for PERLA'S pain and suffering, loss of earning capacity, and loss of enjoyment of life, as well as for Plaintiffs loss of his PERLA's love, companionship, guidance, advice, and support. Plaintiff also seeks reasonable costs, funeral and burial expenses, and attorney s fees under 42 U.S.C. §1988.

**EIGHTH CLAIM FOR RELIEF**
**Failure to Summon Medical Care (Cal. Govt. Code §845.6)**
**(PLAINTIFF v. DEFENDANT DOES 1-8)**

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

114.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 113 of this Complaint with the same force and effect as if fully set forth herein.

115.    DOES 1-8 knew of and had reason to know that PERLA was in need of immediate medical and mental care and yet failed to take reasonable action to summon such medical care, and to provide adequate medical screening for fitness for incarceration.

116.    As a direct and proximate result of the aforementioned conduct, PERLA suffered injuries, including pain and suffering, and then died, losing his earning capacity. Also, as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES 1-2 and DOE CORRECTIONAL OFFICERS 3-8, Plaintiff has suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of PERLA, and will continue to be so deprived for the remainder of his natural life.

117.    The COUNTY is vicariously liable for the wrongful acts of Defendants and pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee s act would subject him or her to liability.

118.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PERLA and Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

119.    Plaintiff brings this claim as a successor in interest to PERLA and in his individual capacity and seeks survival and wrongful death damages under this claim.

120.    Plaintiff seeks damages, including for PERLA'S pain and suffering, loss of earning capacity, and loss of enjoyment of life. Plaintiff also seek reasonable costs, funeral and burial expenses, and attorney s fees under 42 U.S.C. §1988.

## NINTH CLAIM FOR RELIEF
### BANE ACT (Cal. Civil Code 52.1)
### (PLAINTIFF v. DEFENDANT DOES 1-8)

121.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 120 of this Complaint with the same force and effect as if fully set forth herein.

122.    Defendant Does 1-8 in this matter violated Cal. Code 52.1, for failing to protect PERLA and failing to provide her with the necessary medical and mental health treatment, because she was manifesting her 1st Amendment rights complaining about her lack of treatment and was punished by denial of medical services.

123.    Defendants in this matter failed to intervene, causing the death of PERLA.

124.    On information and belief, Defendants intentionally and spitefully committed the above acts to discourage PERLA from exercising her civil rights including her 1st

33
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Amendment rights and retaliate against her for invoking such rights, or to prevent her from exercising such rights, which she was fully entitled to enjoy.

125.   On information and belief, PERLA reasonably believed and understood the violent acts committed by Defendants were intended to discourage him from exercising the above civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights.

126.   Defendants successfully interfered with the above civil rights of PERLA and Plaintiff.

127.   The conduct of Defendants was a substantial factor in causing Plaintiff and PERLA's harms, losses, injuries, and damages.

128.   The COUNTY is vicariously liable for the wrongful acts of Defendants and pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee s act would subject harm to him or her to liability.

129.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for PERLA'S and Plaintiffs rights, justifying an award of exemplary and punitive damages as to Defendants.

130.   Plaintiff seeks attorney's fees under this claim.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request entry of judgment in their favor and against Defendants San Bernardino County and DOES-10 inclusive, as follows:

    A. For compensatory damages and whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

    B. For funeral and burial expenses, and loss of financial support;

    C. For pre-death pain and suffering, and loss of enjoyment of life according to proof at trial;

    D. For punitive damages against the individual Defendants in an amount to be proven at trial;

    E. For statutory damages;

    F. For interest;

    G. For reasonable attorney's fees, including litigation expenses;

    H. For costs of suit; and

///

///

///

///

35

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

I.  For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted:                    Law Office of Sharon J. Brunner

3/23/2020

By: */s/Sharon J. Brunner*

Sharon J. Brunner, Esq
sharonjbrunner@yahoo.com
James S. Terrell, Esq.
jim@talktoterrell.com
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues.

Respectfully Submitted:                    Law Office of Sharon Brunner

3/23/2020

By: */s/Sharon J. Brunner*

Sharon J. Brunner, Esq
sharonjbrunner@yahoo.com
James S. Terrell, Esq.
jim@talktoterrell.com
Attorneys for Plaintiff

36